FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 1 5 2006  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION
**700 Stewart Street**
**Seattle, WA 98101**

C06-0356 JCC

| | |
|---|---|
| Patsy D. Cormier, | FEDERAL CASE NUMBER:_____ |
| Plaintiff, | Fair Debt Collection Practices Act 15 U.S.C. § 1692 |
| Vs. | Title 18 U.S.C. § 1341 |
| Bank of America, N.A. f/k/a Fleet, Karl Lenz, Mel Johnson, Phillips & Cohen Associates, LTD, Adam S. Cohen, Esquire, Bass & Associates, Frederick J. Hanna & Associates, P.C. Dennis E. Henry, Esquire, Suttell & Associates, William G. Suttell, John Doe, Jane Doe, One Up, | Title 39 U.S.C. §§ 3001 (d) (h) (i) And 3005 |
| | RCW 19.86 |
| Defendants. | |

06-CV-00356-CMP

## I.    COMPLAINT AND DEMAND FOR JURY TRIAL

### UNLAWFUL DEBT COLLECTION

1. This is an action for damages brought forth by Patsy D. Cormier, an individual consumer, against the above-captioned Defendants, severally and collectively for violation(s) of the following acts;

a. The Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. [hereinafter the 'FDCPA'];

b. Title 18 U.S.C. § 1341.

1

c.  Title 39 U.S.C.§§ 3001(d),(h),(i), and 3005.

d.  RCW 19.86

## II . JURISDICTION

2.  Jurisdiction of this Court arises under Title 15 U.S.C. § 1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. § 1337 and 28 U.S.C. § 1331 provide supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367, and Declaratory Relief is available pursuant to Title 28 U.S.C. § 2001 and § 2002.

3.  Venue lies in this District pursuant to Title 28 U.S.C. § 1391(b).

## III.    PARTIES

4.  The Plaintiff, Patsy D. Cormier (hereinafter 'Plaintiff Cormier or 'Plaintiff'), is a natural person (individual) consumer pursuant to FDCPA, 15 U.S.C. § 1692a (3), who resides at 3332 113th Street, S.E., Everett, WA 98208.

5.  Defendant Phillips & Cohen Associates, LTD (hereinafter 'Defendant Law Firm') is a Law Firm and a Debt Collector pursuant to 15 U.S.C. § 1692a(6), who is doing business at 695 Rancocas Road, Westhampton, NJ 08060.

6.  Defendant Adam S. Cohen, Esquire, (hereinafter 'Defendant Law Firm'), is an Employee of Phillips & Cohen Associates, LTD, and is a natural person

2

employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Phillips & Cohen Associates, LTD, as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

7. Defendant(s), John Doe, Jane Doe and One Up, employees of Phillips & Cohen Associates, LTD are natural persons employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Phillips & Cohen Associates, LTD as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

8. Defendant Bass & Associates (hereinafter 'Defendant Law Firm') is a Law Firm and a Debt Collector pursuant to 15 U.S.C. § 1692a(6), who is doing business at 3936 E. Fort Lowell Road, Suite 200, Tucson, AZ 85712.

9. Defendant Frederick J. Hanna & Associates, P.C., (hereinafter 'Defendant Law Firm') is a Law Firm and a Debt Collector pursuant to 15 U.S.C. § 1692a(6), who is doing business at 1655 Enterprise Way, Marietta, GA 30067.

10. Defendant Dennis E. Henry, Esquire, (hereinafter 'Defendant Law Firm'), is an Employee of Frederick J. Hanna & Associates, P.C., and is a natural person employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Frederick J. Hanna & Associates, P.C., as a

3

debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

11. Defendant(s), John Doe, Jane Doe and One Up, employees of Frederick J. Hanna & Associates, P.C., are natural persons employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Frederick J. Hanna & Associates, P.C., as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

12. Defendant Suttell & Associates, P.S., (hereinafter 'Defendant Law Firm') is a Law Firm and a Debt Collector pursuant to 15 U.S.C. § 1692a(6), who is doing business at 7525 S.E. 24th Street, Suite 310, Mercer Island, WA 98040.

13. Defendant(s), John Doe, Jane Doe and One Up, employees of Suttell & Associates, P.S., are natural persons employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Suttell & Associates, P.S., as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

14. Defendant Bank of America N.A., (f/k/a Fleet) (hereinafter 'Defendant Bank') is party to this law suit by which the Bank pursues the claim in

consideration of receiving part of the proceeds or part of the judgment ("Champerty"). Defendant Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another. By the amount of filings by Defendant Law Firm clearly proves that Defendant Bank knew, or should have known and approves of this Complaint filed against Plaintiff Cormier. Defendant Bank is also party to this suit by the Doctrines of Respondeat Superior and Apparent authority.   Defendant Bank is the master.   This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant Law Firm, Defendant Law Firm's agents and employees.  Under the Doctrines of Respondeat Superior and Apparent Authority, Defendant Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

15. Defendant Karl Lenz, (hereinafter 'Defendant Bank'), is an Employee of Bank of America (f/k/a Fleet) and is a natural person employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Bank of America (f/k/a Fleet) as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

16. Defendant Mel Johnson, (hereinafter 'Defendant Bank'), is an Employee of Bank of America (f/k/a Fleet) and is a natural person employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of

Bank of America (f/k/a Fleet) as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

17. Defendant(s), John Doe, Jane Doe and One Up, employees of Bank of America (f/k/a Fleet), are natural persons employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Bank of America (f/k/a Fleet) as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

18. Defendant Bank of America N.A., (f/k/a Fleet) (hereinafter 'Defendant Bank') is party to this law suit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champerty"). Defendant Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another. By the amount of filings by Defendant Law Firm clearly proves that Defendant Bank knew, or should have known and approves of this Complaint filed against Plaintiff Cormier. Defendant Bank is also party to this suit by the Doctrines of Respondeat Superior and Apparent authority. Defendant Bank is the master. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant Law Firm, Defendant Law Firm's agents and

employees.  Under the Doctrines of Respondeat Superior and Apparent Authority, Defendant Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

19. Defendant Law Firm has used his superior knowledge of the law with malice, intentional willful neglect for the law as it is written in his collection efforts against Plaintiff on behalf of Defendant Bank, knowing full well what he was doing was wrong, not in concert with any known law(s), and was morally deficient.

20. Defendant Law Firm has knowingly, intentionally, and willfully engaged in an affront against the rule of law, both Federal and State, against Plaintiff to maliciously injure her, cause her stress, duress, mental aguish, and financial loss/hardship.  Someone of his caliber SHOULD KNOW OR SHOULD HAVE KNOWN his actions to be wrong and illegal.

21. Defendant Law Firm, being as well educated and having accomplished so much in his career, seems to have been perfectly happy to risk his past performances and accomplishments while trampling upon the law and the rights of Plaintiff by his actions throughout the debt collection processes that he and Defendant Bank have initiated and pursued in direct opposition to the rule of law and proper legal procedures (to include the Rules of Evidence) against Plaintiff.

## IV.   FACTUAL ALLEGATIONS

22. Plaintiff, on or around July 30, 2002, sent a settlement offer to Defendant

    Bank, along with a check (valuable consideration) in the amount of $25.00,

    along with specific instructions that their cashing or depositing of the

    check constituted their acceptance of the terms contained therein.

    (Please see Exhibit "A")

23. Defendant Bank, by their agent Karl Lenz, on or around August 14, 2002,

    after receiving Plaintiff's settlement agreement, and cashing the check

    contained therein, sent Plaintiff a letter stating that they did not agree to

    the terms of the settlement and that she would not be relieved of the

    "obligation." (Please see Exhibit "B")

24. Defendant Bank, by their agent Mel Johnson, on or around August 16,

    2002, sent Plaintiff a letter stating they were able to accept partial

    payment on the alleged account as stated in the "Cardholder Agreement."

    (Please see Exhibit "C").

25. Plaintiff, on or around August 21, 2002, sent Defendant Bank a request for

    validation of the alleged debt.  (Please see Exhibit "D").

26. Plaintiff, on or around August 23, 2002, received a card from Defendant

    Bank, valid through July of 2003.  (Please see Exhibit "E").

27. Plaintiff, on or around September 9, 2002, received a letter from

    Defendant Bank, by their agent Mel Johnson, denying her request for

    validation, stating simply that the amount listed is valid, and that it is owed.

    (Please see Exhibit "F").

28. Plaintiff, on or around October 9, 2002, once again sent Defendant Bank a request for validation of the alleged debt. (Please see Exhibit "G").

29. Defendant Bank, on or around October 10, 2002, sent Plaintiff a letter wherein it was stated that the alleged account was now "seriously delinquent." (Please see Exhibit "H").

30. Plaintiff, on or around October 14, 2002, receiver a letter from Defendant Bank, by their agent Mel Johnson, stating that the "cardmember agreement" is lawful and valid. (Please see Exhibit "I").

31. Plaintiff, on or around October 22, 2002, sent Defendant Bank a letter requesting that they cease and desist all collection activity prior to validation of the alleged debt. (Please see Exhibit "J").

32. Plaintiff, on or around October 25, 2002, received another letter from Defendant Bank, by their agent Mel Johnson, identical to the letter received on or around October 14, 2002. (Please see Exhibit "K").

33. Defendant Bank subsequently sold this alleged account to Phillips & Cohen Associates, LTD. This conveyance is evidenced by the letter received on or around March 10, 2003, stating that the alleged account had been "referred" to them for collection. (Please see Exhibit "L")

34. Plaintiff, on or around March 18, 2003, sent a letter to Phillips & Cohen Associates LTD, informing them that the purported debt is disputed, and requested that they validate it. (Please see Exhibit "M")

35. Defendant Law Firm, in an effort to coerce payment on the purported debt prior to validation, on or around March 26, 2003, sent Plaintiff an offer for the settlement of the alleged account. (Please see Exhibit "N").

36. Plaintiff, on or around September 15, 2003 filed a claim for binding arbitration with the Commercial Arbitration Forum, Inc. (Please see *Exhibit* "O").

37. Plaintiff, on November 20, 2003, received an arbitration award in her favor from the Commercial Arbitration Forum, Inc., in the amount of $6,219.59, plus 12% interest accruing from the date of the award. (Please see Exhibit "P").

38. Phillips & Cohen Associates LTD subsequently sold or assigned the alleged account to Bass & Associates. This conveyance is evidenced by the letter received by Plaintiff, on or around July 8, 2004, stating that they now represent Fleet. (Please see Exhibit "Q").

39. Plaintiff, on or around July 30, 2004, sent Defendant Law Firm verification of the settlement by Arbitration. (Please see Exhibit "R")

40. Bass & Associates subsequently sold or assigned the alleged account to Frederick J. Hanna & Associates, P.C. This conveyance is evidenced by the letter received by Plaintiff on or around April 27, 2005, by their Agent Dennis E. Henry, stating that they "represent Bank of America (f/k/a Fleet) in its efforts to collect your delinquent debt." (Please see Exhibit "S").

41. Defendant Law Firm, on or around July 1, 2005 sent Plaintiff an offer to settle the alleged account for 70% of the alleged balance, which, as of the date of the letter remained un-validated. (Please see Exhibit "T")

42. Defendant Law Firm, on or around August 18, 2005, once again offering a settlement of 70% of the alleged balance, and threatening to proceed with legal action if Plaintiff did not agree to the settlement. Once again, the alleged balance remained un-validated as of the date of the letter. (Please see Exhibit "U")

43. Plaintiff, on or around August 26, 2005, sent a letter to Defendant Law Firm requesting that all collection effort be stopped until such time as the alleged debt is validated. (Please see Exhibit "V")

44. Frederick J. Hanna & Associates subsequently sold or assigned he alleged account to Suttell & Associates. This conveyance is evidenced by the letter received by Plaintiff, on or around November 28, 2005, stating that the alleged account has now been referred to their office for collection. (Please see Exhibit "W")

45. Plaintiff, on or around December 12, 2005, sent Defendant Law Firm notice that the purported debt was in dispute, and requested from them also validation of the purported debt. (Please see Exhibit "X")

46. Defendant Law Firm, on or around January 11, 2006, sent Plaintiff a letter enclosing, what was alleged to be the validation requested, however; Defendant Law Firm only enclosed a document alleging it to be an

"Affidavit of Creditor" who purports to have first hand knowledge of the facts surrounding the account in question. (Please see Exhibit "Y")

47. Plaintiff was served with a Summons and Complaint filed by Defendant Law Firm on behalf of Defendant Bank, in the Superior Court of the State of Washington in and for the County of Snohomish, on January 22, 2006. (Please see Exhibit "Z")

# FIRST CLAIM FOR RELIEF

# FAIR DEBT COLLECTION PRACTICES ACT

# VIOLATIONS

# COUNT 1

48.    Plaintiff in promulgating this suit and in her limited capacity as a least sophisticated consumer under 1692e and under 1692d the least susceptible consumer, and hereby relies upon the various actions undertaken by said Defendants et. al., both seen and unseen, as provided for by document(s) and/or exhibit(s) attached. Coupled to the overall complexity arising there from, upon further discovery, the degree of implication or culpability otherwise expressed or implied may or may not be limited to such allegations as contained herein. This Honorable Court must take into account

the true intentions of preventing these debt collection abuses under the passage of the Fair Debt Collection Practices Act and use Section 4 of the Federal Civil Advisory Inflationary Act of 1990, 28 U.S.C.§ 2461, as amended, which authorizes this Court to award monetary penalties of not more that $11,000.00 for each violation of the FDCPA and/or up to $1,000.00 per each violation under the statutory damages under Title 15 U.S.C.§ 1692k(d) under Congressional intent.

49. Defendants, individually and/or collectively on numerous and varied occasions, in connection with the collection of an alleged debt that didn't even exist, let alone in default when obtained, maintained and/or otherwise controlled by Defendants. Defendant Law Firm and Defendant Bank, henceforth, engaged in an enterprise and/or conspiracy by employing false, deceptive, or misleading representations or means, in violation of, including but not limited to FDCPA, **15 U.S.C. § 1692 et seq, RCW 19.86 et seq., Title 18 U.S.C. § 1341 and Title 39 U.S.C.§§ 3001(d),(h),(i) and 3005.**

50. Defendant Bank, under the Doctrines of Respondeat Superior and *Apparent Authority, in their capacity of MASTER, and/or under* guise of a champertous relationship knew or should have known the actions, methods, measures and/or manner engaged by Defendant Law Firm under the supervision of Defendant Bank,

whether direct or indirect, whole or in part, constituted a fraudulent enterprise by devise employed.

51. Defendant Law Firm has violated 1692e by committing fraud and perjury by improperly seeking judgment, asserting that they had holder in due course status and/or were in possession of legal negotiable instrument(s) that have yet to be produced.

52. Defendants Law Firm and Bank have committed fraud and perjury upon a Court of competent jurisdiction, by improperly pursuing a Complaint and seeking judgment, asserting that they have holder in due course status and/or other legal negotiable instrument(s) that they have yet to produce. 1692d(1)(2), 1692e(2)(A), e(5), e(10), e(9), e(13),and 1692f(1).

53. Defendants Law Firm and Defendant Bank are misrepresenting the "amount of the debt" by claiming that Plaintiff owes any money without proper documentations to prove the validity of their unauthorized, illegal and immoral claim (1692e(2)(A)(B)), 1692f(1).

54. Defendant Law Firm and Defendant Bank violated 1692d, 1692e, 1692f, 1692j when they conspired in a deceptive, false, misleading, oppressive, and abusive use of authority (the Courts) by unjust persecution and wrongful use of civil procedure in which the natural consequence is to injure Plaintiff Cormier in an attempt to collect on a debt; although Plaintiff Cormier claimed many times that she had never signed any contract with Defendant Bank (Bank of America).

14

55. Defendant Law Firm, who takes their orders from Defendant Bank is directly liable for their actions under the FDCPA.

56. Defendant Law Firm and Defendant Bank have violated 1692f(1) by charging any amount of money not specifically outlined in the Contract or permitted by state law. Examples are Fees, interest, out-of-pocket expenses, principle unless the amount is expressly authorized by the agreement creating the debt.

57. By pursuing and seeking judgment through the court system in an attempt to coerce Plaintiff into paying the purported debt, Defendants Bank and Law Firm are in violation of 1692f (6)(A) and(C).

58. Defendant Law Firm has not reviewed the Plaintiff's files in violation of 1692e(2)(a), e(3), e(10) and 1692f(1).

59. Defendant Law Firm is attempting to collect attorney fees, interest and out-of-pocket expense without breaking down the charges in great detail, which is a violation of 1692e(2)(b) and 1692f(1).

60. Defendant Law Firm stated within their complaint filed in the Superior Court of the State of Washington in and for the County of Snohomish on January 17, 2006, that Plaintiff Cormier had "become indebted on said account for goods, services, and monies loaned in agreed amounts" knowing that such an allegation was purely false and misleading, to the court and to Plaintiff Cormier, violating 1692e(2)(a), e(3), e(5), e(10), d.

15

## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT II

61. Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

62. Defendant Law Firm and Defendant Bank, used false representation and illegal, (bordering on criminal conspiracy), documents as a deceptive means to collect unsubstantiated debt, 1692e(10), 1692e(3), 1692e(2)(A), 1692f(1) and 1692d(1).

63. Defendants' Law Firm and Bank, correspondence that simulated legal process violated 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

64. Correspondence from Defendants Law Firm and Bank, which simulates legal process, is a violation of 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

65. Defendant Law Firm and Defendant Bank may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Title 15 U.S.C. §1692e.

66. Defendant Law Firm and Defendant Bank intentionally have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff Cormier by deceptive (1692e) tactics in violation of Title 39 U.S.C. §3001(h),(i), and by using the U.S. Mail in order to deliver deceptive solicitations

(extortion) sent through the United States Postal Service.

67. Defendant Law Firm and Defendant Bank, (hereinafter referred to as Defendants) have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §§3001, 3005 by mailing falsely created illegal documents that represented a false communication for the purpose of obtaining money or property that is delivered by the United States Postal Service.

68. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §3001(d) and 1692e(10),(13)1692d(1) and 1692f(1) and 1692d(1) by creating illegal Court documents.

69. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 18 U.S.C. §1341, 1692e(10), e(2)(A) and 1692f(1) by using a fraudulent scheme to collect a debt.

70. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of §§1692d(1) 1692(10) and 1692e(5) and making Defendant's actions illegal and making criminal debt collection conduct actionable.

71. Defendants, et. al, having entered into a criminal conspiracy for the

17

purpose of attempting to collect an alleged debt and to defraud Plaintiff, is actionable under mail fraud statute, tort laws, unfair trade practices statutes and is also a predicate offense for a civil RICO claim under The Federal Racketeer Influenced and Corrupt Organization provisions of the Organized Crime control Act of 1970.

72. Plaintiff suffered headaches, nausea, embarrassment, great emotional distress, whereby Plaintiff was unable to function normally, thereby developing insomnia, as well as other directly attributable maladies. The prevalence of nervousness, fear and worry, and stress-induced illness, along with other signs of uncertainty were rampant upon Plaintiff and her family.

73. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act (hereinafter referred to as FDCPA) and other law mentioned in the caption page of this Complaint.

74. Defendants Law Firm and Bank, et. al are "Debt Collectors" as defined by 15 U.S.C. §1692a(6).

75. Contacts made between Defendants and Plaintiff Cormier are "communication(s)" relating to a "alleged debt" as defined by Title 15 U.S.C. §1692a(5) that does not exist with Defendant Bank (Bank of America).

76. Defendants, et. al, severally and collectively, violated 15 U.S.C. §1692(d),(e),(f),(g) and (j) by using and/or causing to be used

18

communication(s) that threatened and intimidated Plaintiff and her family.

77. Defendants, Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the character of the debt.

78. Defendants, Law Firm and Bank, et. al, severally and collectively violated 1692e(2)(a) by falsely claiming that they have/had the holder in due course status and/or are/were the holder of proper assignment(s) in order to collect upon alleged debt.

79. Defendants Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a), 1692f(1) by false representation of the character, amount or legal status of the alleged debt.

80. Defendants Law Firm and Bank, et al, have violated 1692 e(3) by not reviewing the complete file.

81. Defendant Law Firm, if they had examined the entire file, including the Defendant's Bank's accounting records and ledgers, would have realized that Defendant Bank does not have specific evidence to conclusively prove that Defendant Bank lent Plaintiff Cormier $1.00, $5.00, $10,000 or even conclusively prove that Defendant Bank does not owe Plaintiff Cormier $6,219.59.

82. Defendants, Law Firm and Bank, et. al,, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the amount of the debt, the whole effect, substance, quantity, import,

result, or significance thereof.

## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT III

83. Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

84. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692 e(2)(a) by false representation of the amount without any verifiable information concerning the alleged debt (Title 15 U.S.C. § 1692a (5)) by stating it as fact in writing when the real fact of the matter is Defendants, Law Firm and Bank, et. al, have NOT PRODUCED ANY ORIGINAL contract and/or agreement, no documents, no holder in due course status and HAVE NOT PROVEN THEY are the real party of interest on any alleged loan with Plaintiff Cormier and Defendant Bank (Bank of America).

85. Defendants Law Firm and Bank, et. al, each violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount.

86. Defendants Law Firm and Bank, et. al., violated 1692e(5), (4) (14) and (10) by not having authority to commence legal action without proper legal documents.

87. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e(3) by having no requisite knowledge of the case, but rather, Defendant

20

Law   Firm   upon   FALSE,   FRAUDULENT,   INCORRECT,
EXTORTIONATE, and scant information repeatedly pursued this
claim, although Plaintiff disputed it from its incipience.

88. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e,
e(3), e(10) by using U.S. Mails to forward Letters to Plaintiff,
misleading Plaintiff to believe Law Firm and Bank, et. al, had legal
representation of entire case.

89. Defendants Law Firm and Bank, et. al, severally and collectively,
violated 15 U.S.C. §1692e(3) by falsely representing to Plaintiff,
and/or other parties by and through the actions undertaken by said
Defendants, that each had thoroughly examined the complete file.

90. Defendants, Law Firm and Bank, et. al, severally and collectively,
violated U.S.C. §1692e(2)(a) by falsely representing the character,
the ethical qualities of the subject matter of the alleged Debt.

91. Defendant Law Firm proves that he has violated 1692e(3) by not
reviewing the files, if he had reviewed them thoroughly, he would
have not initiated the fraudulent law suit for he would have realized
that the Debt was disputed several times.

92. Defendants Law Firm and Bank, et. al, each violated 15 U.S.C.
§1692e(2)(A) and 1692f(1) by filing a Complaint without
substantiating the proper amount of the debt. Defendant Law Firm
and Bank can not prove that Plaintiff Cormier owes Defendant Bank
(Bank of America) or even if Defendant Bank (Bank of America)

21

owes Plaintiff Cormier any money at all.

93. Defendants Law Firm and Bank, et. al., each violated §1692e(2)(B) by false representation of any service rendered or compensation, which may be lawfully received by any Debt Collector for the collection of Debt.

94. Defendants Law Firm and Bank, et. al., severally and collectively violated §1692e(2)a, (5) and (10) (deceptive and false) by filing legal action based upon no verified information.

95. Defendants, Law Firm and Bank, et. al, violated §1692e(2)(b), f(1) by false representation of service rendered or compensation, which may or may not be lawfully collected by any Debt Collector for the collection of debt, and by not showing a detailed total of the costs Defendants Law Firm and Bank, et. al. plan to invoice.

96. Defendants Law Firm and Bank, et. al. severally and collectively, violated §1692e(13) by representing to have original documentations when in fact, Defendants have not produced any original documents showing judgments against Plaintiff Cormier, or other documentation referenced by Defendant Law Firm and Defendant Bank. 1692(10).

97. Defendants, Law Firm and Bank, et. al,, violated §1692e(2)(a) and f(1) by filing a legal action against Plaintiff Cormier for a high sum of money when Defendants can not prove that Plaintiff Cormier owes them anything, or if Defendant Bank owes Plaintiff Cormier.

22

98. Defendants Law Firm and Bank, et. al., violated §1692e(2)(a), 1692e(10) and 1692e(13) by representing or implying that Defendants have the original documents when in fact they do not.

99. Defendants Law Firm and Bank, et. al., have not produced any legal status of the debt in violation of 1692e(2)(a) and can not produce any verifiable documentation (signed contract, accounting ledgers and entries).

100. Defendants Law Firm and Bank, et. al., cannot substantiate the actual existence of the original contract or agreement nor can they prove that any one of the Defendants is the holder in due course to collect the alleged Debt, a violation of 15 U.S.C. §1692 et seq.

101. Defendants Law Firm et. al, has violated 1692e(3) by representing themselves as attorneys, which implies more authority than a Debt Collector and Defendant Law Firm knew and/or should know that his law firm was breaking both state and federal laws.

102. Defendants Law Firm and Bank, et. al, having direct interest by enterprise therein, precipitously filed illegal documents in order to receive a judgment, usurping due process otherwise afforded Plaintiff, as a means to upset or cause emotional distress or physical symptoms (i.e. headaches, loss of sleep.) 1692c,d,e,f,g,j and i.

103. Defendants Law Firm and Bank, et. al., are in violation of 15 U.S.C. §1692e(3) by false representation or implication that the entire file has been thoroughly examined by an attorney and that

23

all communications are from an attorney.

104.     Defendants Law Firm and Bank, et. al., have violated 15 U.S.C. §1692e(3), e(10), 1692d(1), and mail fraud by false representation that all Communications are from an attorney who has completely reviewed the files. The fact of receiving Notice initiated by Defendants Law Firm and Bank, et. al., caused Plaintiff to conclude that they were using the U.S. Mail in an attempt to extort money from Plaintiff Cormier.

105.     Defendants Law Firm and Bank, et. al., are in violation of U.S.C. 15 §1692f(1) as they have produced no legal documentation to prove this Debt.

106.     Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692f(1), §1692e(2)(A) and sub-section 1692d(1) by not providing any copies of documentation in which to substantiate their alleged claim.

107.     Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692g for denying Plaintiff Cormier proper validation of Debt.

108.     Defendants Law Firm and Bank, et. al., each violated 15 U.S.C. §1692g by making a threat of suit in defiance of the debt validation request(s) in a manner that overshadowed the Notice of validation rights and would create confusion for a least sophisticated consumer regarding their rights.

109.     Defendants Law Firm and Bank, et. al., each violated U.S.C.

§1692g(b) by failing to provide verification of the debt and continuing Debt collection efforts after the Plaintiff had disputed the Claim.

110.    Defendants Law Firm and Bank, et. al., each violated 15 U.S.C. §1692g(b) by failing to provide verification of the Debt and/or continuing Debt collection efforts by filing a Complaint against Plaintiff Cormier after she was confused concerning her validation rights under the FDCPA.

111.    Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692 et seq., in that they have no legal standing to bring a claim as they have not been honest and forthright in their pursuit.

112.    As a result of the above violations of the FDCPA, all Defendants' are severally and/or collectively liable to the Plaintiff for damages that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages and cost.

113.    Defendants actions in inflating the amount of the debt further violated 15 U.S.C. §1692f(1) in that Defendants et. al., were and are attempting to collect a sum, including any interest, fee charge or expense incidental to the principle obligation that was not authorized by the expressed agreement and or contract.

114.    Defendant's et. al., lack the original agreement and/or contract to bring a claim and in complete disregard of the FDCPA in its entirety.

25

115.    Even if Plaintiff was indeed liable to Defendants et. al.,
Plaintiff would be liable in far less amount being demanded by said
Defendant(s) violation of 1692f(1).

116.    Defendant's action(s) were and are false and misleading
representation (1692e) and were deceptive and unconscionable
(1692f(1)).

117.    All the actions specifically undertaken by Defendants Law
Firm and Bank, et. al., as otherwise supported, directed,
supervised and/or controlled by the cabal of one or more of the
above captioned    Defendants, violated 15 U.S.C. §1692f as an
unfair and/or unconscionable means to collect a debt for the
reasons set forth in the paragraphs immediately preceding.

118.    The entire actions of Defendants, by and through the
collaborative efforts of each and every above-captioned Defendant
as may have been severally and/or collectively involved, violated
15 U.S.C. §1692e in that the actions were false, deceptive and
gave a misleading representation in that the Defendants et. al., did
not provide any documentary evidence to validate that Plaintiff
owed defendants anything, 1692f(1).

119. Defendants et. al. caused Plaintiff a great deal of emotional
distress, by, subjecting Plaintiff to public ridicule, embarrassment,
and mental anguish.

120. Defendants et. al., have used the Courts illegally and the courts

26

should conduct their own sanctions hearing for these inexcusable
actions.

121. Defendant Law Firm et. al. should have their licenses suspended
for their wanton disregard of the law, the fraud committed upon the
court, and the direct violations of Plaintiff's Constitutional rights.

122. Defendants' et. al., acts as described above, were done
intentionally with the purpose of coercing and harassing Plaintiff
into paying an alleged Debt.

123. As a result of the above violations, the Defendants, et. al., are
liable to the Plaintiff for declaratory judgment that Defendants
conduct violated the State Acts, Federal Acts and Plaintiff should
be awarded actual damages, punitive damages, statutory
damages and any other cost this honorable court can bestow upon
these debt collecting law breakers.

124. Defendants, et. al., knew and/or should have known of the
illegalities they have perpetuated with regard to our federal and
state laws. Defendants, et. al., should be disciplined and or
disbarred for their knowing and malicious vagrant lack of
adherence to the laws and assault upon Plaintiff.

125. Defendants' Law Firm and Bank', et. al., acts were performed
intentionally for the purpose of coercing and harassing Plaintiff into
paying the alleged, fraudulent Debt on behalf of Defendant Bank
(Bank of America) when Plaintiff Cormier stated numerous times

27

that she has never signed any agreement with Defendant Bank
(Bank of America).

126. As a result of the above violations, the Defendants, Law Firm and
Bank, et. al, are liable to the Plaintiff for injunctive and declaratory
relief, actual damages, punitive damages, statutory damages,
costs and fees in the amount of $50,000.00.

127. In addition to the above violations, Defendant Bank is in violation
of "Vicarious Liability under the Doctrine of Respondeat Superior"
for the actions of its agents, servants and/or employees and
directly supervised, controlled, managed and administrated the
directions and/or orders to Defendant Law Firm, et. al.

128. Defendant Bank made the decision that Plaintiff Cormier should be
sued by Defendant Law Firm et. al. Defendant Law Firm based
his information upon the order of Defendant Bank upon reviewing
at best only cursory lawyer information containing consumers
name, address and the amount of alleged debt. Defendants, Law
Firm and Bank, et. al., records will clearly show that the greatest
majority of names supplied by all mentioned Defendants are using
the same exact form letters substantiating all mentioned
Defendants involvement and/or approval. BANK IS
RESPONDEAT SUPERIOR.

129. If BANK did not approve of the criminal actions of Defendant Law
Firm et. al., then BANK would not have allowed Defendant Law

Firm et. al., to use boiler plated communications and violate state and federal law. BANK is directly liable for the criminal activities of their agents, the agent's employees both individually as well as in their corporate capacity. BANK is not the innocent party they will try to portray but are the real controlling parties of this case through champerty, maintenance and they are the masters, the RESPONDEAT SUPERIOR and hold the Apparent Authority.

130. Defendant Law Firm's et. al., strong desire to satisfy their master, the BANK, to secure additional actions in the future and with their approval conspired with all the Defendants to eliminate the constitutional protections of Plaintiff and through faulty documents illegally sold the purported debt of Plaintiff for unjust enrichment under the orders of the Respondeat Superior, BANK.

131. Defendants, Law Firm and Bank, et. al., by representing legal process was in order, conspired in complete disregard of their Professional Ethics Code and have engaged in unlawful deceptive and criminal activities, knowingly and intentionally with willful criminal intent in order to cause Plaintiff great harm to the physical person, reputation, or property or any person. Title 15 U.S.C. § 1692d(1).

132. Defendants Law Firm and Bank, et. al., and all other mentioned Defendants hereby have violated the criminal provisions of Civil Rico, and Mail fraud.

133. Defendants Law Firm and Bank, et. al., and all other mentioned
defendants hereby have violated the "susceptible consumer"
standard used in section 1692d by clearly taking advantage of
Plaintiff's lack of legal sophistication as an analogous to the "least
sophisticated consumer" standard used in 1692e.

134. Defendants Law Firm and Bank, et. al., and all mentioned
Defendants hereby have violated 1692d(2) because of their
conduct of using written communication that is masquerading as
Court documents; the natural consequence of which is to abuse
the hearer or reader. (1692d).

135. Defendants Law Firm and Bank knew or should have known that it
would be virtually impossible to collect a debt unless Plaintiff
Cormier has some fear of legal action, judges, or lawyers; and by
oppressive,    abusive,    harassing,    false    and    misleading
representation, and unfair and unconscionable actions taken by
Defendants to extort money from Plaintiff Cormier without any
supporting documentation at all to conclusively prove the legal
status, character and legal amount of the debt in violation of 1692d,
1692e, 1692f and all the other provisions of the FDCPA and state
statutes referenced in this Complaint.

136. Defendant Law Firm with the approval of Defendant Bank knew
and should have known that Plaintiff Cormier was not legally liable
to pay Defendant Bank (Bank of America) and these collection

actions violated 15 U.S.C.1692a-o and specifically §1692e(5),
e(10), 1692f(1), 1692d(1).

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

## COUNT IV

137. Plaintiff repeats, alleges and incorporates by reference all above
paragraphs hereto are incorporated herein by reference.

138. Defendants Law Firm and Bank, et. al., have used false, deceptive
or misleading representations or means, in violation of Section
807, of the FDCPA, 15 U.S.C. §1692e, Section 806 of the FDCPA,
15 U.S.C. §1692d, harassment or abuse, Section 809 of the
FDCPA, 15 U.S.C. §1692f, Unfair practices, Section 810 of the
FDCPA, 15 U.S.C. §1692g, validation of debts, FDCPA §§1692i
and k, and under the Fourteenth Amendment to the United States
Constitution, the Equal Protection Clause. This Court should use
the Federal Civil Penalties Inflation Adjustment Act of 1990, 28
U.S.C. 2461, as amended, which authorizes this honorable Court
to award monetary penalties of not more than $11,000 for each
violation of the FDCPA as clearly was the intent of Congress, or
use a more liberal $1,000 per violation to prevent attorney debt
collectors to use their superior knowledge of the court system in a
way Congress intended, to protect consumers by removing the

31

attorney exemption in 1986 that was in the original act of 1977. This fact alone conclusively supports our conclusions and the Heinz v Jenkins ruling by the U.S. Supreme Court makes it unmistakably clear that Congress gave the Courts to prevent attorney debt collectors from breaking the FDCPA. The best way, besides taking the Attorney's bar card, is through increased amounts of financial penalties that keep up with inflation. Based upon the rate of inflation projected by the Federal Reserve Board of Governors, the actual rate of inflation in 2006 in comparison to 1977 would be $3,000.00 per violation. Congressional intent was clear that penalties for breaking Congressional intent by law breaking debt collectors should be penalized based upon inflation to prevent debt collectors and especially law firms from making millions of dollars by breaking federal law thus denying Plaintiff Cormier her Constitutional safe guards as Congress intended. This court must prevent attorney debt collectors from viewing these penalties as simply a cost of doing business, which should be quite clear, was contrary to the Fair Debt Collection Practices Act. To allow these gross violations by Defendant Law Firm, a debt collector, would be in direct contradiction to the true intentions of Congress, to protect the least sophisticated and susceptible consumer.

**WHEREFORE**, Plaintiff respectfully requests that judgment be

entered against Defendants individually and/or severally for the

following:

a)    Enter judgment against Defendants, severally and

collectively, pursuant to their respective complicity thereto, in

favor of Plaintiff for each and every applicable violation

charged in this complaint;

b)    Consider the statute of limitations as otherwise applicable to

this suit as merely procedural in effect, in the furtherance of

adjudicating for judgment rendered, the long established

patterns of abuse as attributed to said Defendants; (Under

the Federal Civil Penalties Inflationary Adjustment Act of

1990 the statues on FDCPA violations are FIVE YEARS.)

c)    Permanently enjoin and restrain Defendants, severally and

collectively from violating the FDCPA and all the referenced

Federal and State Laws in the Complaint and award

damages, both compensatory and punitive;

d)    Expunge the entire alleged debt amount from any records;

e)    No lawsuit or complaint is ever to be made with regard to

this alleged debt at any time in the future;

f)    Award Plaintiff the costs of bringing this action, as well as

such other additional relief as the court may determine to be

33

just and proper, and/or under the Federal Civil Penalties Inflation Adjustment Act of 1990 and under the Fourteenth Amendment of the United States Constitution (equal protection clause), the highest equitable award to prevent Debt Collector activities; and,

g)   Enforcement of all provisions of the FDCPA and applicable state laws and other laws to force these Debt Collectors to follow the law and the intention of Congress, that is to curb collection abusive practices by Debt Collectors.

h)   That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA;

i)   That an order be entered enjoining Defendants from continuing to communicate with Plaintiff in violation of the FDCPA;

j)   That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

k)   That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

l)   That the Court award costs and reasonable attorney's fees pursuant to U.S.C. §1692k(a)(3); and

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF RCW 19.86**
**COUNT V**

34

139. Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

140. Continuing to file repeated documents in Court as a means of harassment by repeatedly and continuously causing Plaintiff Cormier to use hundreds of hours to defend against this frivolous and fraudulent law-suit by Defendant Law Firm and the master, Defendant Bank.

141.    Falsely representing and/or ignoring and/or knew and should have known that documents in order to support Defendant Law Firm's and Defendant Bank's action were deceptive and violated all the referenced state and federal statures in Plaintiff Cormier FDCPA law suit.

142.  Defendant Law Firm and Defendant Bank knew and or should have known by examining the files that Defendant's lacked sufficient evidence to initiate their complaint.

143.  Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and using the Court system as a method of coercing Plaintiff Cormier to pay the unsubstantiated debt with Defendant Bank (Bank of America)

144.  As a result of the foregoing violations, Plaintiff Cormier has suffered ascertainable losses entitling her to an award of actual, statutory and treble damages and attorney's fees and costs; also Plaintiff's actual damages, statutory damages, costs and money to

compensate Plaintiff Cormier for her lost time defending this frivolous law suit.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF RCW 19.86
### COUNT VI

145.  Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto are incorporated herein by reference.

146.  Defendants acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment in a sum no less than $50,000 be entered against the Defendants in addition to the following:

a)    Declaratory judgment that Defendants conduct violated the FDCPA, and declaratory and injunctive relief for the Defendants' violations of the state Act;

b)    Actual damages;

c)    Statutory damages pursuant to 15 U.S.C. § 1692k.

d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k

e)    For such other and further relief as may be just and proper.

Respectfully submitted,

Patsy D. Cormier, Plaintiff, Pro-per
3332 113TH Street SE
Everett, WA 98208
425-357-0613

36